CRAWLEY, Judge,
concurring specially.
I concur in the affirmance of the judgment terminating the parental rights .of both the mother and the father, but I am compelled to address the mother’s argument that the trial court erroneously considered DHR’s “confidential reports” during the adjudicatory phase of the termination proceeding. The mother correctly argues that DHR reports, which contain hearsay, are not the competent evidence Ala.Code 1975, § 12 — 15—65(f), requires before parental rights can be terminated.[1] However, even though the reports the mother objects to contain hearsay and were inadmissible in the adjudicatory phase of the termination proceeding, any consideration of those reports by the court was harmless error, see Rule 45, Ala. R.App. P., in light of the fact that the in-court testimony of several DHR caseworkers substantially duplicated the evidence contained in the reports. Worley v. Jinks, 361 So.2d 1082, 1089 (Ala.Civ.App.1978).

. Section 12-15-65(1) provides that the court may dispose of the case if it finds "from clear and convincing evidence, competent, relevant, and material in nature that parental rights should be terminated....” (Emphasis added.)